IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WYATT J. ELLISON,

                                        Plaintiff,

        v.                                                    CASE NO. 18-3070-SAC

N. C. ENGLISH, et al.,

                                        Defendants.


MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE

Plaintiff Wyatt J. Ellison, a federal prisoner at the U.S. Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"), brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I.  Nature of the Matter before the Court

Mr. Ellison's complaint (Doc. 1) and accompanying Memorandum of Law (Doc. 2) allege the defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff names as defendants N.C. English, Warden of USP-Leavenworth; J. Blevins, Medical Administrator, USP-Leavenworth; Dr. Quyam, optometrist at USP-Leavenworth; Dr. Grossman, Clinical Director, USP-Atwater; and Dr. Aulepp, doctor at USP-Leavenworth.

According to the complaint, Plaintiff suffers from a tear duct problem with one of his eyes. While housed at USP-Atwater in California, he had five surgical procedures on the eye related to the insertion of a Jones tube. The procedures were performed by Dr. Grossman. After the second or third surgery, Plaintiff developed an infection in the eye. Dr. Grossman prescribed Tobramycin and Dexamethasone drops to treat the infection. Plaintiff used the eye drops for three years, as directed by Dr. Grossman. During that time, Plaintiff continued to experience swelling, redness, pain, sensitivity to light, excessive tearing, blind spots, and infections in the eye.

Plaintiff was transferred to USP-Leavenworth at some point. There, he was initially seen by Dr. Aulepp who referred him to Dr. Quyam, an optometrist. Dr. Quyam discontinued the Tobramycin/Dexamethasone drops and tested Plaintiff for glaucoma. Dr. Quyam told Plaintiff it was "unheard of" for a patient to use that eye drop for three years. He determined Plaintiff has glaucoma and optic nerve damage, which he said could have been caused by the drops.

After seeing Dr. Quyam several times, Dr. Quyam referred Plaintiff to an ophthalmologist to evaluate surgical treatment options due to ongoing problems with the Jones tube. The Utilization Review Committee at USP-Leavenworth denied the referral, noting Plaintiff's history of multiple surgeries with minimal improvement and finding the referral was "not clinically indicated at this time." Doc. 2, at 16. The Committee directed Plaintiff to "follow-up as needed" with the health services staff at USP-Leavenworth based on the recommendations of Dr. Quyam. *Id.*

Plaintiff alleges he has suffered loss of vision and is now at risk for losing his eye.

Plaintiff claims Defendants have been deliberately indifferent toward his medical needs resulting in the violation of his rights under the Eighth Amendment. He seeks monetary damages of $5,000,000.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

### A.  Inadequate Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment.  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).   The "deliberate indifference" standard includes an objective and a subjective component, both of which must be met to prevail on a claim of medical mistreatment. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need."  *Estelle,* 429 U.S. at 104-05.  A medical need is considered "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks omitted).  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

In this case, Plaintiff has arguably demonstrated a serious medical need, thus meeting the objective component.  His difficulty in stating a claim arises with the subjective component. Plaintiff's allegations show he has been receiving treatment; his medical needs have not been completely disregarded.  While he asserts that he should not have been prescribed the eye drops for three years, such a claim amounts at most to one of medical negligence.  The Tenth Circuit has made clear that "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Perkins v. Kan. Dep't of*

*Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).  "[A] complaint that a physician has been

negligent in diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional

violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.

Plaintiff further disagrees with the decision of the Utilization Review Committee at USP-

Leavenworth to deny him a consultation with an ophthalmologist at this time.  This amounts to a

disagreement about the course of treatment.   However, "[a] mere difference of opinion between

the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives

does not support a claim of cruel and unusual punishment."  *Ramos v. Lamm,* 639 F.2d 559, 575

(10th Cir. 1980).  Similarly, a difference of opinion among medical providers, such as Dr. Quyam

and the Utilization Review Committee, about treatment is also not actionable under the Eighth

Amendment.  *See Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986).  A prisoner does not make

a showing of deliberate indifference where he was simply denied "a particular course of treatment"

that he desired.  *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006).  While Plaintiff may

not agree with the current course of treatment, he has not stated a claim that any named defendant

acted with deliberate indifference.  Therefore, his complaint is subject to dismissal.

Furthermore, Plaintiff's complaint suffers from a lack of specific factual allegations.  He

fails to include basic facts, such as which eye has been affected or the dates, even approximate

dates, on which events occurred.

**B.  Dr. Grossman**

Dr. Grossman is the physician who allegedly treated Plaintiff's eye duct while he was

housed at USP-Atwater and who prescribed the Tobramycin/Dexamethasone drops.  While the

complaint does not provide an address for Dr. Grossman, presumably he resides in California

where USP-Atwater is located.  Consequently, it appears from the face of the complaint that the Court lacks personal jurisdiction over Dr. Grossman, and he is subject to dismissal from this action.[1]

To exercise personal jurisdiction over a nonresident defendant, the Court must ensure that "the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state," and that the due process requirements of the Constitution are satisfied.  *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1304-05 (10th Cir. 1994).  The Kansas long-arm statute has been interpreted by Kansas courts "to allow jurisdiction to the full extent permitted by due process," such that these inquiries are, for all practical purposes, duplicative.  *Id.* at 1305.

The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exist minimum contacts between the defendant and the forum State.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217-18 (10th Cir. 2006) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)).  For a court to exercise "general" personal jurisdiction over a defendant, he must have continuous and systematic contacts with the forum state.  *Arocho v. Lappin*, 461 F. App'x 714, 717 (10th Cir. 2012) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011) (explaining and contrasting general and specific personal jurisdiction)). The minimum contacts required for "specific" personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

---

[1] Under § 1915, the Court may consider personal jurisdiction and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir. 1995)(quotations, alterations omitted)).

It does not appear that Defendant Grossman had the kind of continuous and systematic contacts with Kansas to support the exercise of "general" personal jurisdiction over him.  He does not reside in, work in, or have direct control over the operation of any prison facility in the State of Kansas.  Nor does it appear Defendant Grossman should be subject to the Court's "specific" personal jurisdiction.  There are no allegations that he "purposefully directed" activities toward Kansas that gave rise to Plaintiff's injury.  *See Arocho v. Nafziger,* 367 F. App'x 942, 949–50 (10th Cir. 2010) (following analysis of this condition for specific jurisdiction in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1071–72 (10th Cir. 2008)).  As a result, the Court appears to lack personal jurisdiction over Defendant Grossman, and he is subject to dismissal from this action.

### C.  Personal Participation of the Remaining Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo*, 465 F.3d at 1227; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Government officials may not be held liable for the actions of their subordinates solely under a theory of *respondeat superior*.  *Id.*; see also *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  Since an official cannot be held liable

under a theory of vicarious liability, Plaintiff must plead sufficient facts showing that each official

violated the Constitution through his own individual actions. *Id.* Denial of grievances is not

enough to demonstrate the required personal participation. *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation

of constitutional rights alleged by plaintiff, does not establish personal participation under §

1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Plaintiff names five defendants. He includes no specific allegations about how two of those

defendants, Defendants English and Blevins, violated his constitutional rights. In addition,

Plaintiff names Dr. Aulepp and Dr. Quyam as defendants and describes some actions they took,

but he does not allege that they did anything wrong. Plaintiff has not adequately described the acts

taken by each defendant that violated his constitutional rights, making Defendants English,

Aulepp, Blevins, and Quyam subject to dismissal from this action.

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal

under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may

be granted. Plaintiff is therefore required to show good cause why his complaint should not be

dismissed. The failure to file a timely, specific response waives appellate review of both factual

and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff

is warned that his failure to file a timely response may result in the complaint being dismissed for

the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]  Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 25, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 25, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 25th day of May, 2018, at Topeka, Kansas.

s/  Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (18-3045-SAC) at the top of the first page of her Amended Complaint and she must name every defendant in the caption of the Amended Complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the complaint, where she must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.