IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WYATT J. ELLISON,

                      **Plaintiff,**

      v.                                      CASE NO. 18-3070-SAC

N. C. ENGLISH, et al.,

                      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Wyatt J. Ellison, a federal prisoner at the U.S. Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"), brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He proceeds *in forma pauperis*.

Mr. Ellison's Amended Complaint (ECF No. 10) alleges the defendants have been deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff names as defendants N.C. English, Warden of USP-Leavenworth; J. Blevins, Medical Administrator, USP-Leavenworth; Dr. Quyam, ophthalmologist contracted with USP-Leavenworth; and Dr. Aulepp, Clinical Director for USP-Leavenworth Medical Department.

According to the Amended Complaint and Plaintiff's Sworn Statement included with ECF No. 2, Plaintiff suffers from a tear duct problem with his left eye. While housed at USP-Atwater in California, he had five surgical procedures on the eye. Upon his transfer to USP-Leavenworth, he immediately requested medical attention due to severe pain and irritation of his eye.

1

After seeing Dr. Quyam several times, Dr. Quyam attempted to refer Plaintiff to specialist surgeon to evaluate surgical treatment options due to ongoing problems with the eye. The Health Services Committee at USP-Leavenworth, on which Defendant Aulepp and Blevins sit, denied the referral, noting Plaintiff's history of multiple surgeries with minimal improvement and finding the referral was "not clinically indicated at this time." ECF No. 2 at 16. The Committee directed Plaintiff to "follow-up as needed" with the health services staff at USP-Leavenworth based on the recommendations of Dr. Quyam. *Id.*

Plaintiff alleges he has suffered severe pain, optic nerve damage, glaucoma, thinning and fragility of the eye skin, and cataracts resulting from the denial of medical care.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of USP-Leavenworth. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The clerk of court shall effectuate service of summonses pursuant to Fed. R. Civ. P. 4(i), at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this Order, and the answer shall be filed within thirty (30) days following the receipt of that report by counsel for Defendants.

(2) Officials responsible for the operation of USP-Leavenworth are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The officials preparing the report must seek leave of the Court to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of USP-Leavenworth to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the United States Attorney.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 11th day of December, 2018.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**