## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WYATT J. ELLISON,**

**Plaintiff,**

v.                                        **CASE NO. 18-3070-SAC**

**N. C. ENGLISH, et al.,**

**Defendants.**

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on two motions filed by the defendants: 1) a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 27) filed by Defendants Nicole English, Kristine McAllister, and Justin Blevins on April 8, 2019; and 2) a Motion for Ruling Granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as Uncontested (ECF No. 29). Plaintiff has not filed a response to either motion, and the time to do so has long expired. For the reasons described herein, Defendants' motion for summary judgment is granted, and the motion for a ruling granting the motion for summary judgment as uncontested is denied.

**Motion for Ruling Granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as Uncontested (ECF No. 29)**

Defendants ask the Court to grant their dispositive motion as uncontested pursuant to D. Kan. Rule 7.4(b). Local Rule 7.4(b) provides that if a response to a motion is not filed within twenty-one (21) days, the Court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice. However, the Tenth Circuit has

directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond. *Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003). Instead, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* Consequently, Defendants' Motion for Ruling Granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as Uncontested (ECF No. 29) is denied.

## Summary of Complaint

Mr. Ellison's amended complaint (ECF No. 10) alleges the defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment and discriminated against him because of his race. According to the amended complaint and Plaintiff's statement (ECF No. 2 at 12-14) filed with his original complaint, Plaintiff had five eye surgeries prior to his transfer to USP Leavenworth to attempt to remedy a tear duct problem with his left eye. The surgeries were not completely successful, and Plaintiff continued to experience problems with his eye, including pain, excessive tearing, redness, and sensitivity to light. Upon his arrival at USP Leavenworth, Plaintiff requested assistance from medical staff due to pain and irritation of his eye. Plaintiff was seen by Dr. Aulepp, who examined Mr. Ellison and referred him to Dr. Qayum, a contract optometrist. Dr. Qayum saw Plaintiff several times, and eventually referred him to an ophthalmologist to evaluate treatment options based on Plaintiff's request for surgery. The Utilization Review Committee at USP Leavenworth, including Defendants Aulepp and Blevins, denied the consult request, concluding Plaintiff had already had five surgeries to attempt to correct the eye problem without long-term improvement. Plaintiff then asked Dr. Qayum to demand that Plaintiff see a specialist surgeon, and Dr. Qayum refused. Plaintiff alleges he also complained to Defendant English, and she responded that Plaintiff was getting what was needed for his eye.

Plaintiff alleges he has suffered nerve damage to his eye, glaucoma, thinning of the eye skin, and cataracts due to the defendants' deliberate indifference in delaying and denying him medical care. He seeks compensatory damages of $5,000,000 and unspecified injunctive relief.

**Motion to Dismiss (ECF No. 27)**

In their Motion to Dismiss and Memorandum in Support, Defendants make the following arguments: 1) Defendant Blevins should be dismissed for failure to serve; 2) the injunctive relief requested by Plaintiff is not available in a *Bivens* action; 3) Plaintiff's claim for injunctive relief against the federal government is also prohibited by sovereign immunity; 4) Plaintiff did not exhaust his administrative remedies; 5) Defendant Blevins is immune as an officer of the Public Health Service; and 6) all of Plaintiff's claims should be dismissed because all defendants are entitled to qualified immunity as Plaintiff has not shown a constitutional violation.

Because, as discussed below, the Court finds Plaintiff failed to state a claim upon which relief may be granted, there is no need to address Defendants' other arguments.

## Legal Standards

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's

allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Summary Judgment**

Because the Court has considered the material attached to Defendants' memorandum in support, in addition to the *Martinez* report filed in this case, in evaluating Plaintiff's claims, it decides the motion under the request for summary judgment contained therein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (district court's dismissal under Rule 12(b)(6) of a prisoner's complaint filed pro se characterized as "irregular" where court had not limited its review to the complaint).

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. The Court views all evidence and draws all reasonable inferences in the light most favorable to the party opposing summary judgment. *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009).

On the same day that Defendants filed their motion to dismiss or in the alternative, for summary judgment, they sent Plaintiff a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment explaining Plaintiff's burden under Fed. R. Civ. P. 56 and Local Rule 56.1. Despite receiving this Notice, Plaintiff filed no response to Defendants' motion. Under Fed. R. Civ. P. 56(e), if a party fails to properly address the moving party's factual assertions, the court

may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the Court will review Defendants' motion to determine if they are entitled to summary judgment.

## Analysis

**Eighth Amendment claim**

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard includes an objective and a subjective component, both of which must be met to prevail on a claim of medical mistreatment. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need." *Estelle,* 429 U.S. at 104-05. A medical need is considered "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks omitted). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). Negligence, even if it rises to the level of medical malpractice, does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106; *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).

In this case, Plaintiff has arguably demonstrated a serious medical need, thus meeting the objective component. His difficulty in stating a claim arises with the subjective component. Plaintiff's own allegations show he has consistently received treatment for his eye problems. His medical needs have not been disregarded, and he has not stated a claim of deliberate indifference. *See Debrow v. Kaiser*, 42 F. App'x 269 (10th Cir. 2002) (concluding when an inmate has received a consistent course of treatment for the medical ailments complained of, it cannot be said there was deliberate indifference); *Sheppard v. Owen*, 185 F.3d 875 (Table), 1999 WL 430195, *1 (10th Cir. 1999) (affirming district court dismissal of Eighth Amendment claims where there was a "series of sick calls, examinations, diagnoses, and medication" ) (*quoting Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976)).

This conclusion is confirmed by the 212 pages of Plaintiff's medical records attached to Defendants' Memorandum in Support and summarized in the Memorandum. Since Plaintiff's arrival at USP Leavenworth on February 1, 2017, he has been seen by medical personnel for eye complaints a minimum of ten (10) times. Six (6) of those visits were with a contract optometrist, with the first visit occurring only six (6) days after he arrived at USP Leavenworth. At each visit, Plaintiff's vision was evaluated, his eye was checked for infection, his interocular pressure was monitored, and the condition of his eye was documented. The medical records do not support Plaintiff's claim that Defendants' were deliberately indifferent.

Plaintiff disagrees with the decision of the Utilization Review Committee at USP Leavenworth to deny him a consultation with an ophthalmologist at this time. Mr. Ellison's primary complaint is that he has been denied additional surgery on his eye. Such a claim amounts to a disagreement with the course of treatment. "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives

does not support a claim of cruel and unusual punishment." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980). Similarly, a difference of opinion among medical providers about treatment is also not actionable under the Eighth Amendment. *See Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986). A prisoner does not make a showing of deliberate indifference where he was simply denied "a particular course of treatment" that he desired. *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006). While Plaintiff may not agree with the current course of treatment, he has not stated a claim that any named defendant acted with deliberate indifference. Therefore, his Eighth Amendment claim is dismissed.

**Discrimination Claim**

Plaintiff makes the following statement in his amended complaint: "Moreover, these defendants have shown RACIAL DISCRIMINATION as Plaintiff is an African-American, who has not been treated as White-American do." ECF No. 10 at 3. He includes no other allegation of discrimination on the basis of race, no examples of white inmates being treated differently, and no mention of the Fifth Amendment.

In their motion to dismiss, Defendants liberally construe Plaintiff's statement as a claim that they violated Plaintiff's Fifth Amendment right to equal protection. Defendants argue that he has failed to state an actionable equal protection claim. The Court agrees.

To state an equal protection claim, Plaintiff must make a plausible allegation that he was treated differently than other similarly situated inmates because of his race. *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018). Plaintiff does no more than make a single, conclusory claim of racial discrimination. Mr. Ellison has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,*

556 U.S. at 678.  Consequently, to the extent he is attempting to make a Fifth Amendment equal protection claim, such claim is dismissed.

## Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment is granted.  This matter is dismissed.

**IT IS THEREFORE ORDERED** Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment (ECF No. 26) is **granted**.  This matter is dismissed.

**IT IS FURTHER ORDERED** Defendants' Motion for Ruling Granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as Uncontested (ECF No. 29) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 7th day of August, 2019, at Topeka, Kansas.


**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**