IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WYATT J. ELLISON,**

      **Plaintiff,**

  v.              **CASE NO. 18-3070-SAC**

**N. C. ENGLISH, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by Plaintiff: 1) a Motion for Extension of Time to File Response as to Memorandum and Order (ECF No. 32); and 2) a Motion to Alter or Amend Judgment or, Alternatively, Motion for New Trial (ECF No. 34). Defendants have filed responses to both motions (*see* ECF Nos. 33 and 35), and Plaintiff has filed a reply (*see* ECF No. 36). For the reasons described herein, Plaintiff's motions are denied.

This case was dismissed on August 7, 2019, when the Court granted summary judgment to Defendants. Their motion for summary judgment was filed on April 8, 2019, along with the Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment (ECF No. 28) required by local rule. Plaintiff filed no response to the motion for summary judgment in the four months the motion was pending, including no request for an extension of time to respond.

Plaintiff filed his Motion for Extension of Time to File Response as to Memorandum and Order (ECF No. 32) within the time for filing a Rule 59(e) motion to alter or amend judgment. But, as Defendants point out in their response to the motion, the Court could not extend the

1

deadline to file a Rule 59(e) motion. Rule 6(b)(2) provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). Therefore, Plaintiff's motion for an extension (ECF No. 32) is denied.

However, this is not fatal to Plaintiff's request for reconsideration of the dismissal because where such a request is not filed within the 28 days provided by Rule 59(e), the motion should be treated as a motion for relief from a final judgment under Rule 60(b). A litigant who seeks reconsideration by the district court of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will construe Mr. Ellison's motion as pursuant to Rule 60(b) because the motion was filed more than twenty-eight days after the judgment was entered in this action. *See Van Skiver,* 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, Motion for New Trial (ECF No. 34) was filed on September 23, 2019, approximately six weeks after the judgment. The Court finds the motion was timely.

Rule 60(b) allows relief from judgments or orders in the event of:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief . . .

Relief under Rule 60(b) is appropriate only in extraordinary circumstances, and the party seeking relief bears the burden of demonstrating those circumstances. *Van Skiver*, 952 F.2d at 1243-44. The purpose of a Rule 60(b) motion is not to ask the court to revisit arguments it has already considered, nor to advance new arguments that were available to a party during a proceeding on a motion. *Id.* at 1243.

Plaintiff raises three arguments for why his complaint should not have been dismissed: (1) the "particular course of treatment" standard under the Eighth Amendment either should be changed or was not the applicable standard; (2) he has more to support his racial discrimination claim than a bald allegation; and (3) he believed he had hired a lawyer who was responding to the motion for summary judgment. Because Arguments (1) and (2) go to the merits of Plaintiff's case, rather than to whether relief should be granted under Rule 60(b), the Court considers Argument (3) first.

Mr. Ellison provided a copy of a chain of emails between him and an attorney in Texas. *See* Exhibit to Plaintiff's Reply to Defendants' Response to Ellison's Motion to Alter or Amend Judgment, ECF No. 36-1. The emails appear to show Plaintiff first contacted the attorney on May 5, 2019. The attorney indicated his firm would be willing to represent Plaintiff and would handle all future filings in the case upon receipt of a signed contingent fee contract. Plaintiff expressed his approval of the contract. However, according to the emails Plaintiff provided, the attorney never received a signed contract from Mr. Ellison and then determined he could not represent Plaintiff because he was not admitted to practice in Kansas.

The emails show that Plaintiff's contention that he believed the attorney was going to file a response to the summary judgment motion is credible, if not completely reasonable. The problem arises in that it appears Plaintiff did not begin correspondence with the attorney until

3

five days *after* his response to the motion for summary judgment was already due. Moreover, Plaintiff had notice that no response had been filed on his behalf months before the case was actually dismissed. When Mr. Ellison failed to respond to their summary judgment motion, Defendants filed a motion on May 14, 2019, asking the Court to grant summary judgment on the basis of Plaintiff's lack of response. *See* ECF No. 29. The motion was sent to Plaintiff and clearly states Plaintiff's response was due by April 29, 2019, but no response had been filed, thus providing Plaintiff with notice as of May 14, 2019, that the attorney had failed to act on his behalf. From that date, the Court did not rule on Defendants' motions for another two months.

Plaintiff does not state which basis for relief under Rule 60(b) he is asserting, but it would appear he seeks relief on the basis of excusable neglect under Rule 60(b)(1). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings v. Rivers,* 394 F .3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)). Courts must pay particular attention to "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," as well as "whether the moving party's underlying claim is meritorious." *Id.* at 856–57 (internal citations and quotation marks omitted). "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'" *United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994)).

Here, while there may have been confusion over hiring an attorney, Plaintiff has not demonstrated excusable neglect. He was already past the response deadline when he contacted the attorney. He had not requested an extension of time to respond to the summary judgment motion. He knew, or should have known, that the attorney had not filed a response as of May 14, 2019 but did not take any action. Finally, the Court found after reviewing the *Martinez* report that Plaintiff's underlying claims were not meritorious in that he had failed to state a claim for deliberate indifference under the Eighth Amendment or for racial discrimination.

Even if the Court were to find excusable neglect, judgment in this case was not granted on the basis of Plaintiff's lack of response to the summary judgment motion. Rather, judgment was based on the merits of Plaintiff's case. The Court found that Plaintiff failed to state a claim upon which relief could be granted. Nothing in Plaintiff's motion gets him any closer to stating an actionable constitutional claim. His primary argument is that the "particular course of treatment" standard is either incorrect or incorrectly applied to his claim. The standard provides that "[a] prisoner does not make a showing of deliberate indifference where he was simply denied 'a particular course of treatment' that he desired." *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006). The standard has been repeatedly reaffirmed by the Tenth Circuit. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."); *Morris v. Fallin*, 798 F. App'x 261, 270 (10th Cir. 2020) ("While Mr. Morris disputes their professional judgment, the Eighth Amendment does not grant inmates the right to a particular course of treatment."); *Broadus v. Corr. Health Partners, Inc.*, 770 F. App'x 905, 909 (10th Cir. 2019) (inference of substantial risk of serious harm "*cannot* be drawn solely from evidence that a diagnosis or course of treatment was debated or debatable"); *Gray v. Geo Grp.,*

*Inc.*, 727 F. App'x 940, 944 (10th Cir. 2018) ("Nor does mere disagreement with the type of medical care provided establish an Eighth Amendment violation."); *Lemmons v. Houston*, 633 F. App'x 664, 668 (10th Cir. 2015) (regardless of prisoner's repeated requests for specific medication, "the Eighth Amendment does not give him a right to a particular course of treatment"); *Williams v. Allred*, 611 F. App'x 491, 495 (10th Cir. 2015) (prisoner's disagreement with doctor's discontinuation of particular treatment does not state deliberate indifference claim); *Adams v. Jones*, 577 F. App'x 778, 780 (10th Cir. 2014) ("[A] difference of opinion between an inmate and the medical staff as to the proper diagnosis or treatment of a condition is insufficient to establish a constitutional violation.").

Plaintiff's allegations amount to a contention that he has a constitutional right to additional surgery on his tear duct.  "The Tenth Circuit and other courts have rejected such an expansive view of the rights protected by the Eighth Amendment.  The showing required to give rise to a cognizable Eighth Amendment violation is *deliberate refusal to provide medical attention as opposed to a particular course of treatment*."  *Gonzales v. Corizon Health Care Providers*, No. CV 15-00890 WJ/GJF, 2017 WL 3605366, at *5 (D.N.M. Jan. 18, 2017) (emphasis added) (citing *Callahan* and cases from other circuits).  Mr. Ellison's allegations simply do not demonstrate that he has been denied medical attention.

As for Plaintiff's claim of racial discrimination, he continues to offer nothing more than a promise of additional support if the case were to progress.  That is simply not sufficient to state an actionable claim.  To state an equal protection claim, Plaintiff must make a plausible allegation that he was treated differently than other similarly situated inmates because of his race.  *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018).  Plaintiff does no more than make a single, conclusory claim of racial discrimination.  Mr. Ellison has failed to "plead[ ]

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

For these reasons, Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, Motion for New Trial (ECF No. 34) is denied.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Extension of Time to File Response as to Memorandum and Order (ECF No. 32) is **denied**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, Motion for New Trial (ECF No. 34) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 27th day of April, 2020, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**